Michael Stortz, SBN 153378
Maria Iriarte, SBN 150704
Disability Rights California
San Diego Regional Office
1111 Sixth Avenue, Suite 200
San Diego, CA 92101
(619) 239-7861
Fax (619) 239-7906
Michael.Stortz@disabilityrightsca.org
Maria.Iriarte@disabilityrightsca.org

Kevin Bayley, SBN  218070
Rachel Scherer, SBN 260538
Disability Rights California
Los Angeles Regional Office
3580 Wilshire Blvd., #902
Los Angeles, CA 90010
(213) 427-8747
Fax (213) 427-8767
Kevin.Bayley@disabilityrightsca.org
Rachel.Scherer@disabilityrightsca.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Disability Rights California, California Protection and Advocacy Agency For Persons With Disabilities,<br><br>Plaintiff,<br><br>v.<br><br>SunBridge Braswell Enterprises, Inc., dba Sierra Vista Rehabilitation Center<br><br>Defendant. | CASE NO.: CV09-3664 VBF (FFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>Dept:  Spring Street, 9<br>Judge: Hon. Valerie Baker Fairbank<br>Hearing Date and Time:  July 12, 2010, 1:30 p.m.<br>Action Filed:  May 22, 2009 |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ........................ 1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY .............. 2

III.   PLAINTIFF IS ENTITLED TO FEES
BASED ON THE LODESTAR ......................................................... 8

A.   Plaintiff's Lodestar ......................................................... 8

B.   Plaintiff Is Entitled To Fees On Its State Court Claim ................. 9

C.   Disability Rights California Is Entitled to
Reasonable Attorney Fees under California
Code of Civil Procedure section 1021.5 ..................................... 9

    1.   Disability Rights California Is The Prevailing
or Successful Party Under the Catalyst Theory ................ 11

        (a)   Suit motivated Sierra Vista
to provide primary relief ............................................. 11

        (b)   Plaintiff's suit achieved effect by its merit ................. 15

        (c)   Plaintiff reasonably attempted
to settle before filing ................................................ 16

    2.   Plaintiff Enforces Important Rights Affecting
a Large Class of Persons and the Public Interest .............. 19

    3.   The Necessity and Financial Burden
of Private Enforcement Favors a Grant of
Attorney's Fees under Section 1021.5 ............................. 20

    4.   Plaintiff's Fees Cannot Be Paid Out of Its Recovery .......... 20

    5.   The Amount of Fees Plaintiff Requests Is Reasonable ...... 20

i

(a)   The Time Spent by Counsel Is Documented and Reasonable ...................................20

(b)   Plaintiff's Counsels' Hourly Rates Are Reasonable ...................................21

(c)   Plaintiff Achieved the Relief Sought ..........................22

6.   This Court Should Grant Attorneys' Fees Incurred on This Motion............................23

IV.   CONCLUSION ...............................................................................24

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

## FEDERAL CASES

*Affordable Hous. Dev. Corp. v. City of Fresno,*
    433 F.3d 1182, 1198 (9th Cir. 2006)............................................ 17

*Chabner v. United of Omaha Life Ins. Co.,*
    (N.D. Cal. 1999) 1999 U.S. Dist. Lexis 16552, *aff'd.*
    (9th Cir. 2000) 225 F.3d 1042 (fees awarded under Cal. Civ. Proc.
    section 1021.5 and Unruh Act)...................................................... 17

*Disability Law Center Alaska, Inc. v. Anchorage School District,*
    581 F.3d 936 (9th cir. 2009)........................................................ 15

Kern Oil and Refining Co. v. Tenneco Oil Co.
    792 F.2d 1380 (9th Cir. 1986),
    *cert. denied*, 480 U.S. 906, 107 S.Ct. 1349................................. 9

*Mangold v. P.U.C.,*
    67 F.3rd 1470 (9th Cir. 1995)................................................... 2, 9

*Skaff v. Meridien N. Am. Beverly Hills LLC,*
    506 F.3d at 832, 844 n.11 (9th Cir. 2007)
    (*citing Graham v. DaimlerChrysler Corp.,*
    34 Cal.4th 553, 21 Cal.Rptr3d 331, 101 P.3d 140, 144 (2004)) ..... 11

## STATE CASES

*Folsom v. Butte County Ass'n of Gov'ts,*
    32 Cal.3d 668, 683-84 (1982) ................................................ 10, 12

Gates v. Rowland
    39 F.3d 1439, 1449 (9th Cir. 1994).............................................. 21

Godinez v. Schwarzenegger,
    132 Cal.App.4th 73, 91, 33 Cal.Rptr.3d 270 (2005) ................. 12, 13

*Graham v. DaimlerChrysler Corp.,*
    34 Cal.4th 553 (2004) ....................................................... 11, 15, 16

Grimsley v. Bd. of Supervisors,

III

169 Cal.App.3d 960, 966 (1985) .................................................. 16

*Harmon v. City & County of San Francisco,* 158 Cal.App.4th 407, 417, 422-424(2007) ..................................................................................... 23

*Hogar v. Cmty. Dev. Com. of City of Escondido,*
   157 Cal.Rptr.4th 1358, 69 Cal.Rptr.3d 250,
   *as modified* (App. 4 Dist. 2007) ............................................... 15

*Ketchum v. Moses*
   *24 Cal.4th 1122, 1132, 1134, 1138 n.3 (2001) ........................ 20, 21*

*Lyons v. Chinese Hosp. Ass'n*
   *136 Cal.App.4th 1331, 1348 (2006) ......................................... 19*

*Maria P. v. Riles*
   *43 Cal.3d 1281, 1293, 240 Cal.Rptr. 872 (1987) ...................... 19, 20*

*Serrano v. Unruh*
   *32 Cal.3d 621, 625 (1982) ...................................................... 20, 22, 23*

*Tipton-Whittingham v. City of Los Angeles,*
   34 Cal.4th 604, 608, 21 Cal.Rptr.3d 371, 101 P.3d 174 (2004)...... 11

*Wallace v. Consumers Coop. of Berkeley, Inc.*,
   170 Cal.App.3d 836, 216 Cal.Rptr. 649 (1985) ........................... 12

*Woodland Hills Residents Ass'n v. City Council of Los Angeles,*
   23 Cal.3d 917, 935 (1979) ......................................................... 17

## FEDERAL STATUTES

United States Code

29 U.S.C. § 794e .......................................................................2

42 U.S.C. § 10801 (1986) *et seq.* ..............................................2
   § 10801(a)(1)-(4)..............................................................17
   § 10805(a)(1)(A) ...............................................................17
   § 10805(a)(3) ....................................................................17
   § 10805(a)(4) ....................................................................17

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

§ 10801(b) ...................................................................17
§ 10806 .......................................................................17
§ 15041 (1978) et seq. .............................................2, 17
§ 15043 .......................................................................17
§ 15043(a)(2)(B) ........................................................17
§ 15043(a)(2)(H) ........................................................17
§ 15043(a)(2)(I) ..........................................................17
§ 15043(a)(2)(J) .........................................................17

## FEDERAL REGULATIONS

Code of Federal Regulations

42 C.F.R.
§51.42................................................................................7
§51.42(b) ..........................................................................6

## STATE STATUTES

California Code of Civil Procedure
§1021.5............................................................9, 10, 19. 20
§1021.5(a) .......................................................................10
§1021.5(b) .......................................................................10
§1021.5(c).....................................................................10, 20

California Health & Safety Code
§ 1180, et seq. .................................................................
§ 1180.3(d) ......................................................................

California Welfare and Institutions Code
§ 4900 et seq. ...........................................................2, 9, 18
§ 4902(b) ...........................................................................6
§ 4902(b)(1) & (2) ...........................................................7

## OTHER AUTHORITIES

Pearl, Cal. Attorney Fee Awards
(Cont.Ed.Bar 2d ed.2005) § 4.31 p.117) ...........................19
California Welfare & Institutions Code
§4514.3 (West 2010) Legislative Notes..............................18
California Health & Safety Code

v

§ 1180 (West 2010) Historical and Statutory Notes...........................18

VI

I.    **INTRODUCTION AND SUMMARY OF ARGUMENT**

Disability Rights California, in accordance with state and federal law, is California's designated protection and advocacy agency and therefore is entitled to access to records, individuals and facilities in order to advocate for people with disabilities.

Disability Rights California requested and was denied access to statistical information and other general records by Sierra Vista.  Disability Rights California also requested and was denied access to Sierra Vista and its residents.

Disability Rights California brought the underlying action to enforce its access authority.  Following an extensive period of briefing on cross motions for summary judgment and dismissal, the parties engaged in settlement discussions to resolve their dispute.  As a result of the lawsuit and settlement, Disability Rights California obtained access to the requested information and records, as well as to the facility and residents, as entitled under federal and state law.  Welf. & Inst. Code Secs 4900 et seq are based on the federal laws and provide substantially the same rights as the federal laws.

Disability Rights California now brings this motion to recover its reasonable attorneys' fees expended from March 2009 to the present.  According to well-established legal standards, Disability Rights California is

entitled to an award of attorneys' fees pursuant to *Mangold v. P.U.C.*, 67 F.3rd 1470, 1478-79 (9th Cir. 1995) and to California Code of Civil Procedure section 1021.5.  Such an award reflects the skill and hard work required to litigate the case and respond to the vigorous advocacy of Sierra Vista, as well as strong efforts made to reach a settlement agreement on the important issues in the case, and the excellent results obtained through the negotiations.

## II.   STATEMENT OF FACTS & PROCEDURAL HISTORY

Disability Rights California is the designated protection and advocacy system for California pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*(1986); the Developmental Disabilities Assistance and Bill of Rights Act ("PADD Act"), 42 U.S.C. § 15041 *et seq.* (1978); the Protection and Advocacy for Individual Rights ("PAIR Act"), 29 U.S.C. § 794e (1992); and California Welfare and Institutions Code section 4900 (West 2010) *et seq.* Disability Rights California's federal and state mandate is to protect and advocate for people with disabilities.

In late October 2008, Disability Rights California began receiving reports from multiple residents of excessive or inappropriate use of restraints by staff toward them or other residents at Sierra Vista Rehabilitation Center, a facility serving individuals with mental health and developmental disabilities.

2

Residents complained of "wall slamming" by staff with the following characteristics: staff forcibly holding residents in an elevated position against the wall for extended time periods, forcing their limbs apart, and then dropping them to their knees on the floor. Residents reported bruising, pain, fear, and trauma.  This procedure was associated with a manual restraint known as "PRO-ACT".  (First Amended Complaint (FAC) at ¶ 6)

Subsequent to the individual complaints, Disability Rights California received information from outside agencies (e.g., San Bernardiino County Patients Rights Office, California Department of Mental Health) that Sierra Vista may not be using restraints in compliance with Federal or State laws and regulations.  *Id.at ¶¶ 45,49.*

Disability Rights California determined there was probable cause to believe that Sierra Vista staff may be using inappropriate and unlawful physical restraints, and had reason to believe that all residents who were subjected to restraint at the facility may be at significant risk of serious injury or death.  In addition, improper restraint practices are likely to cause physical or psychological harm or result in long-term harm if such practices continue. *Id.at¶¶ 3,25, 46.*

Prior to filing the Complaint, Disability Rights California sought and was denied access on a number of items, which Sierra Vista had an obligation to

provide.  Following the filing of the Complaint, Sierra Vista changed its position on these issues.  These items included:

A.     "Data from January 1, 2008 to the present regarding the number of restraint incidents at Sierra Vista, by type of restraint used and facility program" was requested as of December 26, 2008 Stortz Decl. ¶ 13, Exh. 6. The parties attempted to resolve the issue but could not. Stortz Decl. at ¶¶ 14-19, Exhs. 8, 9, 10, 11, 12.  Plaintiff then sought the information in the FAC, ¶¶ 48, 67-91 .  Defendant now has provided Plaintiff with the data from the period July 1, 2008 to June 30, 2009 by type of restraint used and facility program, and has agreed to provide updated information for the next 18 months. Stortz Decl., Exh. 1; Stortz Decl., Exh. 2, Joint Report From Plaintiff And Defendant RE:Status Of Resolved Issues, Docket No.46 ("Joint Report"), filed with the Court on September 3, 2009, at 69.

B.     Restraint logs at the facility were requested as of March 20, 2009. Stortz Decl. at Exh. 10, pp.44-45.  The parties attempted to resolve the issue but could not. Stortz Decl. ¶¶ 14-19, Exh. 11, p.48 and 12.  Plaintiff sought the information in the FAC at ¶¶ 56, 67-91.  Defendant has now provided Plaintiff with a copy of restraint logs at the facility. Stortz Decl.  Exh. 18, p.69.

C.     Information about staff training on the use of restraints was requested on March 20, 2009. Stortz Decl., Exh. 10.  The parties attempted to

4

resolve the issue but could not. Stortz Decl. ¶¶ 14-19, Exh.s 11, p.48 and 12.

Plaintiff sought the information in the FAC at 56, 67-91¶.  Defendant now has

provided Plaintiff with information about the training of all staff on use of

behavioral restraints and the frequency of such training and has provided

copies of the training materials for such training. Stortz Decl., Exh. 18 at p.69.

D.     Copies of the complete medical files of residents for whom we had

signed authorizations for release of information were sought from Sierra Vista.

Scherer Decl.¶ 23.  Subsequent to filing, Plaintiff discovered that Defendant

had not provided certain of these individual records with authorization as

Defendant considered such records to be protected under quality assurance

privileges. Scherer Decl. ¶ 24.   Defendant now has agreed [did provide?] to

provide the following documents, which it had previously declined to provide:

Notable Incident Reports, "Special Incident Report/Other Observation and

Events" reports, "Confidential Adverse Incident Initial Reporting Form –

California Specific" forms, and/or SOC 341 Suspect Elder/Dependent Abuse

Reports for those residents with respect to whom Disability Rights California

has obtained authorization to access records. See Parties' Proposed

Discovery Plan and Case Management Statement, Docket No. 45, filed with

the Court on August 31, 2009 at pp. 7-8; see also Stortz Decl., Exh. 18, at

pp.69-70.[1]

E.     Access to the Sierra Vista facility and its residents was sought on April 8, 2010. Stortz Decl.¶ 20, Exh. 13.  The parties attempted to resolve the issue but could not. Stortz Decl. at Exhs. 14, 15, 16, 12 and 17.  Plaintiff sought judicial resolution in its  FAC at ¶¶ 59-63, 92-104.  The parties subsequently reached an Agreement on Physical Access, which has been submitted to the Court under seal, and which governs access as in accordance with state and federal law, as follows:

1.     Plaintiff's right of access for abuse investigations in accordance with Welf. & Inst. Code Code § 4902(b) and 42 C.F.R. § 51.42(b). Stortz Decl. at Exh. 16.  Defendant proposed to restrict access for all activities to "normal" business hours.  Plaintiff obtained the access it sought through the Parties' Agreement on Physical Access, submitted to the Court under seal, *See* Sections IV(I); V(A)-(E).

2.     Plaintiff's right to unannounced access for the purpose of abuse investigation and monitoring in accordance with Welf. & Inst.

---

[1] Disability Rights California further sought and did not obtain other redacted records of individuals at the facility relating to restraint and possible abuse as well as names and contact information for legal guardians or representatives of facility residents.  However, the parties agreed that Plaintiff would dismiss these remaining claims without prejudice upon concluding an Agreement on Physical Access, discussed below, and upon Court retention of jurisdiction for purposes of considering Plaintiff's motion for attorneys' fees.

6

Code § 4902(b)(1)&(2) and 42 C.F.R. § 51.42. Exh. 16. Defendant

proposed to require 5 days advance notice for all activities.  Exh. 17.

Plaintiff obtained the access it sought through the Parties' Agreement on

Physical Access. See Sections V(A)(1), V(B)(1)&(2), V(C)(2), V(D)(1)

and V(E).

       3.     Defendant's proposed requirement that advance written

notice include information on the nature and purpose Plaintiff visits to

the facility. Exh. 17.  Plaintiff obtained the access it sought through the

Parties' Agreement on Physical Access. *See* Sections V(A)(2),

V(B)(1)&(2), V(C)(2)&(3), Section V(D)(1)&(2), & Section V(E).

       4.     Plaintiff's right to unaccompanied access in accordance with

Welf. & Inst. Code § 4902(b)(1)&(2) and 42 C.F.R. § 51.42.  Defendant's

proposed a restriction allowing Defendant to observe Plaintiff's activities.

Exh. 17.  Plaintiff obtained the access it sought through the Parties'

Agreement on Physical Access. See Sections III(A),(C) & (D); IV(I);

V(A)(5); and VII.

       5.     Defendant's proposed that it have the right to refuse access

if it unilaterally determined that access was deemed "inconsistent with

the operations of the facility or the treatment plan of any resident." Exh.

17.  Plaintiff obtained the access it sought through the Parties'

Agreement on Physical Access. *See* Sections IV(D), (E), (F) & (G); V(B)(2).

## III.   PLAINTIFF IS ENTITLED TO FEES

### A.   Plaintiff's Lodestar

Disability Rights California seeks attorneys' fees for the work of four attorneys performed in this case. (Decls. of Rachel Scherer, Kevin Bayley, Michael Stortz and Dara Schur.) Counsel has kept records containing detailed descriptions of the work they performed, which are filed herewith. Stortz Decl. ¶¶ 30-31; Scherer Decl. ¶¶ 6, 11; Schur Decl. ¶¶ 6, 11-12; Bayley Decl. ¶¶ 8-9.

The following details the calculation of the base line attorneys' fees (hourly rates multiplied by hours spent, or "lodestar"), for which Disability Rights California seeks an award:

| Attorney | Years of Experience | Total Hours | 2010 Hourly Rate | Lodestar Fee |
|----------|---------------------|-------------|------------------|--------------|
| Dara Schur | 29 | 154.3 | 700 | $108,010.00 |
| Michael Stortz | 13 | 147.6 | 495 | 73,062.00 |
| Kevin Bayley | 3 | 92.4 | 335 | 30,954.00 |
| Rachel Scherer | 1 | 113.7 | 305 | 34,678.50 |
| **Totals** | | **508.0** | | **$246,704.50** |

Disability Rights California's lodestar of $246,704.50 is based on the hours reasonably and necessarily incurred multiplied by counsels' current standard hourly rates. Scherer Decl., ¶11, Exh.20.  The hourly rates are

8

comparable to the prevailing market hourly rates billed by attorneys of similar experience and practices. Decls. of Dara Schur ¶¶ 10-11; Richard Pearl ¶ 17; , Linda Dardarian ¶ 13; and Virginia Keeny ¶¶ 13-15.  This amount will increase with further proceedings on the fee motion, and Disability Rights California will supplement the requested amount on reply to this motion.

### B.   Plaintiff Is Entitled To Fees On Its State Court Claim

The Ninth Circuit has applied state law not only to the right to fees, but in the method of calculating the fees. *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995), citing *Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986), cert. denied, 480 U.S. 906, 107 S.Ct. 1349.  In Mangold, the Ninth circuit determined that where plaintiffs  prevail on claims under both state and federal law , the federal court shall apply state law in determining the right to fees and also as to how fees are determined.  Therefore, plaintiffs are entitled to fees under Ca. Code of Civ. Proc. sec 1021.5 for prevailing on their state law claims under Welf & Inst. code secs 4900 et seq.

### C.   Disability Rights California Is Entitled to Reasonable Attorney Fees under California Code of Civil Procedure section 1021.5

Disability Rights California satisfies each of the statutory criteria for such an award. It is "a successful party" vis-à-vis Defendant Sierra Vista in an action that resulted in the enforcement of important rights affecting the public

9

interest. Cal. Code Civ. Proc. § 1021.5. It has conferred significant benefit on the general public or a large class of persons. *Id.* § 1021.5(a). The necessity and financial burden of such action make the award appropriate. *Id.* § 1021.5(b). And such fees cannot be paid out of the recovery because there is none. *Id.* § 1021.5(c). Therefore, Disability Rights California may recover its fees under this statute for preparation and prosecution of the case as well as for successful settlement negotiations and fees incurred related to this motion.

California Code of Civil Procedure authorizes the Court to award attorneys' fees to a successful party

> in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement…are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery.

Cal. Code Civ. Proc. § 1021.5. *See also Folsom v. Butte County Ass'n of Gov'ts*, 32 Cal.3d 668, 683-84 (1982) ("[W]e rule it no barrier to a section 1021.5 award that the attorneys are employed by publicly funded legal services organizations."). Disability Rights California is the successful party in this action having obtained a significant change in the position of the facility with respect to access to information and records, as well as with physical access to the facility and residents therein.  It also meets each of the other

three criteria for an attorneys' fees award under section 1021.5.

### 1. Disability Rights California is the prevailing or successful party under the catalyst theory.

Disability Rights California's state and federal law claims permit the Court to award fees under the "catalyst theory" pursuant to section 1021.5. A party is successful under the catalyst theory "even if the litigations does not result in a judicially-sanctioned change in the parties' legal relationship, when the defendant voluntarily changes its behavior because of, and in the manner sought by, the litigation." *Skaff v. Meridien N. Am. Beverly Hills LLC*, 506 F.3d at 832, 844 n.11 (9th Cir. 2007) (*citing Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (2004)). Disability Rights California can obtain an award of attorney fees under the catalyst theory because it can show that (i) the lawsuit was the catalyst motivating Sierra Vista to provide the primary relief sought; (ii) its lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense; and (iii) it reasonably attempted to settle the litigation prior to filing the lawsuit. *Tipton-Whittingham v. City of Los Angeles*, 34 Cal.4th 604, 608 (2004).

### (a) This lawsuit motivated Sierra Vista to provide primary relief

The factual/legal conditions that Disability Rights California sought to change or affect, and the outcome of the case, sufficiently show that its suit

motivated Sierra Vista to change its legal position and provide the primary

relief sought. *See Folsom*, 32 Cal.3d at 685.  Plaintiff has obtained access

information and records on restraint incidents, restraint logs, staff training on

use of restraint, individual records on special incidents involving restraint, as

well as access to the facility and its residents, all of which defendant denied

prior to Plaintiff's filing.

The chronology of events in this case is compelling.  Sierra Vista

repeatedly asserted defenses not to produce aggregate restraint data.  First, it

asserted protection from disclosure under state and federal peer review and

quality assurance privileges. Stortz Decl., Exh. 9. Next, it argued that such

information was beyond the scope of our access authority under state and

federal law. Stortz Decl., Exh. 11. It similarly denied our access to facility

restraint logs. Exh. 11.

As evidenced by the exchange in communication prior to filing on May

21, 2009 and the Joint Report, Disability Rights California's suit substantially

contributed to or was demonstrably influential in Sierra Vista's about-face in

agreeing to provide aggregate restraint data, restraint logs, and staff training

on restraint use. *Wallace v. Consumers Coop. of Berkeley, Inc.*, 170

Cal.App.3d 836, 843-44 (1985); *Godinez v. Schwarzenegger*, 132 Cal.App.4th

73, 91 (2005).

With regard to Disability Rights California's state and federal authority for physical access to the facility and residents therein, there are different standards governing access for a specific purpose:  (1) to provide information and training; (2) to monitor a facility's  compliance with applicable law; and (3) to investigate reports of abuse and neglect. Exh. 16.  Sierra Vista failed to take into account these differences when it objected to access prior to the filing of the Complaint. Exh. 17.  As shown by the above-referenced Sections of the Agreement on Physical Access, submitted to the Court under seal, Sierra Vista changed its position vis-à-vis Disability Rights California's authority to access the facility and its residents.

As indicated by the Joint Report, during the course of the litigation, Sierra Vista moved substantially to Plaintiff's position, including with respect to: "access to the facility and the resident[s] therein in accordance with state and federal law"; "Plaintiff's request for reasonable unaccompanied access to the facility and its residents"; "request permitting all residents to visit with Plaintiff's advocates and attorneys at a place and time of their choosing"; "permitting Plaintiff to ask questions of and interview staff, except if such staff person declines to be interviewed or requests to be accompanied by the facility administrator or counsel for the facility".  Exh. 18 at 70.

Thus, Disability Rights California obtained its primary relief vis-à-vis its

13

1  state law claims to access Sierra Vista and its residents.

2      The fact that Disability Rights California engaged in a deliberative

3
4  process with Defendant from December 2008 to May 2008 without any

5  success in securing access to data on restraint incidents at the facility, further

6
7  substantiates Plaintiff's position that the case caused Defendant to change its

8  position significantly.

9      Further, as part of the litigation, the parties engaged in four months of

10
11 negotiation, resulting in the Agreement on Physical Access.  The Stipulations

12 submitted by the parties evidence the lengthy and complicated nature of the

13
14 negotiations to settle the physical access issues. (STIPULATIONS dated July

15 2, 2009, Docket No.36; July 13, 2009, Docket No. 39; September 21, 2009,

16 Docket No. 52;September 28, 2009, Docket No. 54; October 20, 2009, Docket

17
18 No. 56; November 16, 2009, Docket No. 59; January 8, 2009 [sic], Docket No.

19 61). It is unlikely that the parties would have resolved the physical access

20 issues absent the pending action and the extensive negotiations that

21
22 accompanied it.

23      Plaintiff is a successful party and is entitled to attorney fees under the

24
25 private attorney general rule given that its lawsuit motivated Sierra Vista to

26 private the relief sought; the catalyst theory provides for attorneys' fees where,

27 as here, it can be reasonably presumed that the litigation was a substantial

28

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

factor – if not the only cause for acquiescence – in contributing to Sierra Vista's turnabout.  *See Hogar v. Cmty. Dev. Com. of City of Escondido*, 157 Cal.App.4th 1358, 1365-66, *as modified* (2007).

### (b)   Plaintiff's suit achieved effect by its merit

Disability Rights California also meets the second catalyst requirement that its claims had sufficient merit to show that it was not a nuisance lawsuit. *Graham*, 34 Cal.4th at 575.  This is proven by the fact that it obtained much of what it sought at the outset of the case, namely access to records relevant to its abuse investigation and physical access to the facility and residents therein for purposes of training, monitoring and investigation and other advocacy. Stortz, Decl., Exhibit 1, pp.11-14.  The substantial briefing on issues of first impression also establish that the case was meritorious.  *See* Plaintiff's Memoranda of Points and Authorities in Support of Motion for Preliminary Injunction and in Opposition to Dismiss, Docket Nos. 3 and 19, respectively . At the time of filing, there were no reported Ninth Circuit or California cases on the issues in dispute.  However, one Ninth Circuit case decided since the filing of the case supports Plaintiff's position as to the scope of its probable cause for access.  *Disability Law Center Alaska, Inc. v. Anchorage School District*, 581 F.3d 936 (9th Cir. 2009).

### (c)   Plaintiff reasonably attempted to settle before filing

Finally, Disability Rights California meets the third catalyst requirement in that it made reasonable efforts to settle the matter before filing the litigation. *Graham*, 34 Cal.4th at 577, *citing Grimsley v. Bd. of Supervisors*, 169 Cal.App.3d 960, 966 (1985). Disability Rights California sent repeated letters to the facility seeking to resolve the matter outside an adversarial process. Stortz Decl., Exh. 1.  Only when such efforts were rejected did it raise the possibility of judicial intervention, but there again presented an outline of how the parties could resolve their disputes. Stortz Decl., Exh. 10. Finally, two days prior to filing Disability Rights California notified counsel for the facility of its intent to file and attempted one final push to settle the matter. Stortz Decl. Exh. 12. Plaintiff has established that it engaged in reasonable efforts to settle the matter before filing the litigation.

### 3.    Plaintiff Enforces Important Rights Affecting a Large Class of Persons and the Public Interest

Through this action, Disability Rights California vindicated important federal and state rights affecting a large class of persons and the public interest.  The PADD and PAIMI Acts were enacted based on findings that individuals with developmental and psychiatric disabilities are vulnerable to abuse, neglect, serious injury, and death, and that existing systems were inadequate to protection them. 42 U.S.C. § 15041 (PADD) and 42 U.S.C. § 10801(a)(1)-(4) (PAIMI).  Congress established protection and advocacy

16

systems to advocate on behalf of, and as necessary, take action to protection individuals with disabilities from harm. *Id.* § 15043, §10801(b).  Congressional monitoring authority includes explicit provisions for access to facilities (*Id.* § 15043(a)(2)(H); § 10805(a)(3)); authorization to investigate incidents of abuse and neglect (*Id.* § 15043(a)(2)(B); § 10805(a)(1)(A)); and access to records (*Id.* § 15043(a)(2)(I) & (J); §§ 10805(a)(4) and 10806.)

Additionally, the California Supreme Court has recognized "important rights" as those that related "to the achievement of fundamental legislative goals." *Woodland Hills Residents Ass'n v. City Council of Los Angeles*, 23 Cal.3d 917, 935 (1979).  It expressly recognized "the rights of mental patients" as important. *Id.* at  936.

The importance of the rights vindicated in the underlying litigation is demonstrated by the societal importance of the rights of vulnerable persons and Plaintiff's achievement of fundamental legislative goals.

Disability Rights California's success in obtaining data on restraint use at the facility, restraint logs, and in successfully obtaining an agreement on physical access to the facility and its residents vindicates the one of the foremost legislative goals of California Welfare and Institutions Code sections 4900 to 4906.  The legislative findings and declarations relating to these sections are found in the notes under section 4514.3 and includes the

following legislative goal: "[I]t is the interest of people with disabilities in California that protection and advocacy services be available to all people with disabilities who may be subject to abuse or neglect or who request or require the advocacy services of the protection and advocacy agency."

Further, in passing landmark legislation on the use of seclusion and behavioral restraints in facilities such as Sierra Vista, the legislature found and declared the following: "The use of seclusion and restraints is not treatment, and their use does not alleviate human suffering or positively change behavior." See Historical and Statutory Notes, Cal. Health & Safety Code, § 1180 (West 2010). The legislature expressly set a goal regarding transparency and data collection:

> In order to achieve the goal of reduction in the use of seclusion and behavioral restraints, California must utilize the best practices developed in other states, and use the most efficient modern resources to accomplish these goals, including computerized data collection and analysis, public access to information on the Internet, strategies for organizational change, staff training in risk assessment, crisis prevention and intervention, debriefing models, and recovery-based treatment models.

*Id.* Disability Rights California has vindicated the important rights, ensuring transparency of restraint incidents and data collection as well as ensuring that statutorily mandated protection and advocacy services are available to

persons it is mandated to serve.[2]

### 3. The Necessity and Financial Burden of Private Enforcement Favors a Grant of Attorney's Fees under Section 1021.5

Disability Rights California's action was necessary and the financial burden of enforcement warrants an attorneys' fees award. *Lyons v. Chinese Hosp. Ass'n*, 136 Cal.App.4th 1331, 1348 (2006) (quoting Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed.2005) § 4.31 p.117).

The need for private enforcement criterion "looks to the adequacy of public enforcement and seeks economic equalization of representation in cases where private enforcement is necessary." Lyons, 136 Cal.App.4th at 1348.  Here, Disability Rights California's private enforcement of Sierra Vista's obligation to disclose data on its restraint use was clearly necessary, and in order for Disability Rights California to continue to carry out its important public functions it must be compensated.  Disability Rights California has expended considerable resources, and such expenditure were necessarily required once Sierra Vista decided to deny access to facility records and residents.  Therefore, the necessity and financial burden of private enforcement clearly require an award of Disability Rights California's fees under section 1021.5.

---

[2] Code of Civil Procedure section 1021.5 also authorizes fee awards in actions that resulted in the enforcement of federal statutory rights. *Maria P. v. Riles,*

1  **4.    Plaintiff's Fees Cannot Be Paid Out of Its Recovery**

2  The final factor under section 1021.5 is whether the fee request

3
4  should "in the interest of justice be paid out of the recovery." § 1021.5(c).

5  There was no monetary recovery sought or obtained in this case and thus,

6
7  Disability Rights California is entitled to its attorneys' fees given satisfaction of

8  all the section 1021.5 criteria.

9  **5.    The Amount of Fees Plaintiff Requests Is Reasonable**

10  A determination of an attorneys' fee award to the prevailing party
11
12  requires the Court to compute the reasonable market value of services

13  rendered in the case.  *Serrano v. Unruh*, 32 Cal.3d 621, 625 (1982); *Ketchum*

14
15  *v. Moses*, 24 Cal.4th 1122, 1132, 1134, 1138 n.3 (2001).  The initial step is to

16  calculate the lodestar, which multiplies time spent by the attorneys by their

17  reasonable hourly rates.  Disability Rights California seeks a lodestar of
18
19  $246,704.50 for work performed on the merits of the litigation and settlement.

20  Scherer Decl., Exh. 20.  This is reasonable given the hard work and

21  achievements by the attorneys for Disability Rights California in this matter.
22
23  **(a)    The Time Spent by Counsel Is Documented and Reasonable**
24
25  Disability Rights California seeks compensation for four attorneys who

26  worked on the case:  Dara Schur, Michael Stortz, Kevin Bayley, and Rachel

27

28  43 Cal.3d 1281, 1293, 240 Cal.Rptr. 872 (1987).

20

Scherer.  Each attorney provided detailed time records. Scherer Decl., Exh. 21.  Those records establish Disability Rights California's prima facie entitlement to compensation for the time recorded. *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994).

Disability Rights California is entitled to compensation for "all the hours reasonably spent." See *Ketchum,* 24 Cal. 4th at 1133. It seeks reimbursement for 508.0 hours. Scherer Decl., Exh. 21.  These hours were necessary to the successful prosecution and resolution of the case.  Stortz Decl. ¶29; Schur Decl. ¶12; Scherer Decl. ¶¶10-11; Bayley Decl. ¶8.  Counsel spent time researching and drafting the complaint and motion for preliminary injunction, responding to a motion to dismiss filed by Sierra Vista, and preparing for further prosecution of the case while on at the same time working extensively with opposing counsel toward resolution of the claims. Stortz Decl. ¶31.  While work was divided among counsel to maximize efficiency and avoid duplication, counsel for Disability Rights California have exercised billing judgment, eliminating time that appeared to be duplicative or for any reason unnecessary. Schur Decl. ¶12; Scherer Decl. ¶¶ 12-22. Thus, the time claimed is fully compensable.

**(b)   Plaintiff's Counsels'
Hourly Rates Are Reasonable**

Counsel for Disability Rights California are entitled to compensation at

21

current hourly rates that reflect the reasonable market value of their work as compared to attorneys with similar experience, skill and reputation engaged in similar litigation in the local community. *Serrano*, 32 Cal.3d at 625, 640n.31, 643.

Disability Rights California's counsels' rates are comparable to those prevailing in the Los Angeles region for similarly experienced attorneys.  For example, Dara Schur, Director of Litigation for Disability Rights California, has over 30 years of experience litigating civil rights, public interest, and disability discrimination cases and is highly regarded in this field. Pearl Decl. ¶16.  Ms. Schur's rate of $700.00 is reasonable given her experience. Keeney Decl. ¶13.  All other rates claimed by counsel for Disability Rights California are similarly reasonable. Dardarian Decl. ¶ 13; Keeney Decl. ¶¶ 14-15.  These rates are justified for work performed on pleadings, in negotiations and on activities related to this fee motion.

### (c)    Plaintiff Achieved the Relief Sought

As described in more detail above, Plaintiff obtained the relief it sought, including data on the number of restraint incidents; restraint logs; information on staff training regarding restraints; individual records for identified clients including Notable Incident Reports, Special Incident Reports, Adverse Incident Reports, and abuse reports; and access to the facility and its residents in

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**

accord with federal and state law.  Plaintiff obtained substantial relief on all of its claims.  See FAC. The information obtained allowed Plaintiff to proceed with its further investigations of possible excessive restraint use at Sierra Vista.  Scherer Decl. ¶25.

Although a few requests for specific information (guardian contact information and some additional quality assurance documents) were dismissed without prejudice and reserved for a later date [Exh. 18; Stipulation, Docket No. 61, filed by the parties on January 8, 2010], all of the Causes of Action in Plaintiffs' case were resolved favorably.  The few documents not provided were sought based on a common core of facts and legal theories.  Furthermore, time spent on these documents was inextricably related to the time spent on the successful access issues. Therefore no deduction is appropriate for those few requests.  *See Harmon v. City & County of San Francisco*, 158 Cal.App.4th 407, 417, 422-424(2007)

### 6.   This Court Should Grant Attorneys' Fees Incurred on This Motion

Disability Rights California also seeks compensation for attorney fees for the time spent incurred in pursuing its attorneys' fees recovery as this is routinely awarded.  See Serrano, 32 Cal.3d at 639.  Counsel will spend additional time responding to Sierra Vista's opposition to this motion and will provide a supplemental declaration as to additional fees at the conclusion of

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

1  the litigation of this fee motion.

2  **III.    CONCLUSION**

3

4  Disability Rights California respectfully requests that the Court award its

5  lodestar fees for time related to the prosecution of the case, including but not

6  limited to time in settlement negotiations and on this fee litigation.

7

8                                                   Respectfully submitted,

9

10  Dated:  June 1, 2010                     Disability Rights California, California

11

12

13                                          By: _____

14                                              Michael Stortz

15                                              *Attorneys for Plaintiff*

16                                              Disability Rights California

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**