```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                      CIVIL MINUTES -- GENERAL
```

Case No.  **CV 09-3664-VBF(FFMx)**                 Dated: **September 9, 2010**

Title:    Disability Rights California, et al. -v- Sunbridge Braswell
          Enterprises, Inc. dba Sierra Vista Rehabilitation Center, et
          al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                          None Present
          Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):    RULING ON SUBMITTED MATTER:
                                PLAINTIFF'S MOTION FOR ATTORNEY FEES
                                (DKT. #74)**


**I. RULING ON SUBMITTED MATTER**

     The Court has received, read and considered Plaintiff's Motion for Attorney Fees (dkt. #74) and attached declarations (dkt. #74-2, 74-3); Defendant's Opposition (dkt. #78) and attached declarations (dkt. # 79, 80, 81); Plaintiff's Reply (dkt. #82) and attached declarations (dkt. #83, 84, 85, 86, 87).

     As reflected in the reporter's notes, the Court entertained oral argument on August 30, 2010 (dkt. #98). The Court then took the matter under submission.

     After further consideration, the Court DENIES Plaintiff's Motion for Attorneys' Fees in the amount of $285,746.50 as Plaintiff has not met all requirements of California Code of Civil Procedure Section 1021.5 and, as there was no favorable termination on the merits, the three required prongs of the "catalyst theory" of recovery. *Graham v. DaimlerChrysler*

MINUTES FORM 90                      Initials of Deputy Clerk ___jre___
CIVIL - GEN

*Corp.*, 34 Cal. 4th 553, 560-61 (2004). Specifically, Plaintiff has not adequately shown, as required, that: (1) it conferred a significant benefit on a large class of people; (2) the suit was a catalyst motivating Defendant to provide the primary relief sought; and (3) Plaintiff reasonably attempted to settle before filing.

## II. BACKGROUND & PROCEDURAL HISTORY

Plaintiff Disability Rights California is the designated Protection and Advocacy agency serving individuals with disabilities for the state of California. Defendant Sunbridge Braswell Enterprises, Inc., dba Sierra Vista Rehabilitation Center, is a licensed skilled nursing facility that houses developmentally and/or mentally disabled individuals in California.

On May 22, 2009, Plaintiff filed its Complaint for declaratory and injunctive relief, alleging eight causes of action for failure to provide access to facility residents, resident records, and the facility itself, in violation of the Protection and Advocacy for Individuals With Mental Illness Act ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*, the Protection and Advocacy for Individuals with Developmental Disabilities Act ("PADD Act"), 42 U.S.C. § 15041 *et seq.* and Cal. Welf. & Inst. Code § 4900 *et seq.* (dkt. #1).

On May 22, 2009, Plaintiff brought a Motion for Preliminary Injunction (dkt. #2). On June 5, 2009, the Court granted a continuance on Plaintiff's Motion to July 6, 2009 (dkt. #10).

On June 11, 2009, Defendant filed a Motion to Dismiss Case (dkt. #13), contending that Plaintiff's requests for records, facility and patient access were overbroad and exceeded Plaintiff's rights under the applicable statutes and regulations.

On June 22, 2009, Plaintiff filed a First Amended Complaint ("FAC") (dkt. #22), alleging the same causes of action. On June 29, 2009, Defendant filed a Motion to Dismiss FAC (dkt. #25).

On July 2, 2009, July 13, 2009, July 23, 2009, October 20, 2009 and November 17, 2009 the Court granted continuances on Plaintiff's Motion for a Preliminary Injunction and on Defendant's Motion to Dismiss the FAC (dkt. #37, 41, 43, 57).

On January 26, 2010, Plaintiff filed a voluntary dismissal of the FAC without prejudice, except that the Court retained jurisdiction to resolve the issue of attorneys' fees (dkt. #63).

MINUTES FORM 90                                  Initials of Deputy Clerk ___jre___
CIVIL - GEN

On June 1, 2010, Plaintiff filed a Motion for Attorney Fees (dkt. #74), noticed for July 12, 2010.  On June 4, 2010, the Court granted a continuance of the hearing to August 30, 2010 (dkt. #77).

## III. LEGAL STANDARD

Where plaintiffs prevail on claims under both state and federal law, the Ninth Circuit has applied state law in determining the right to fees and in the method of calculating fees. *See Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995).

California Code of Civil Procedure authorizes the Court to award attorneys' fees to a successful party "in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery." Cal. Code Civ. Proc. § 1021.5; *see also Woodland Hills Residents Assn. Inc. v. City Counsel of Los Angeles*, 23 Cal. 3d 917, 935 (1979).

Where a litigant seeks attorneys' fees without a favorable termination on the merits, litigants must satisfy a three-prong analysis (the "catalyst theory") before fees will be rewarded: "(1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) . . . the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense; and (3) . . . the plaintiff reasonably attempted to settle the litigation prior to filing the lawsuit." *Tipton-Whittingham v. City of Los Angeles*, 34 Cal. 4th 604, 608 (2004); *see also* Wegner, Fairbank and Epstein, California Practice Guide: Civil Trial and Evidence § 17:150.10f (The Rutter Group 2009); *Graham*, 34 Cal. 4th at 560-61.

The burden is on the fee claimant to establish each statutory requirement. *See id.* at § 17:150.60.

## IV. ANALYSIS

The Court DENIES Plaintiff's Motion as Plaintiff has not met all the requirements of California Code of Civil Procedure Section 1021.5 and the three prongs of the "catalyst theory." Because there was no favorable termination on the merits, Plaintiff must meet the requirements of both Section 1021.5 and the "catalyst theory." See *Graham*, 34 Cal. 4th at 560-61. Specifically, Plaintiff has not shown, as required, that: (1) it

conferred a significant benefit on a large class of people; (2) the suit was a catalyst motivating Defendant to provide the primary relief sought, and (3) Plaintiff reasonably attempted to settle before filing suit. *See id.*

The parties' raised evidentiary issues which, to be complete, the Court will address. However, the rulings are not determinative. Even if Plaintiff's objections were all sustained (which is not the case), Plaintiff still has not met its burden and the Court considers only Defendant's evidence as to which there is no objection. The evidentiary issues are addressed at the conclusion.

### A. As Required Under California Code Civil Procedure § 1021.5, a Significant Benefit Was Not Conferred on a Large Class

Plaintiff does not adequately support a finding that a sufficiently significant benefit was conferred on a large class of persons as a result of this litigation. In determining whether a significant benefit has been conferred on the general public or a large class, courts must perform "a realistic assessment of all the relevant surrounding circumstances." *Ryan v. Calif. Interscholastic Federation*, 94 Cal. App. 4th 1033, 1044 (2001).

Plaintiff does not adequately show how access to the documents obtained conferred a significant benefit. As Defendant sets forth, of the ten categories of documents requested in Plaintiff's Motion for a Preliminary Injunction, Defendant provided to Plaintiff, after litigation commenced, only restraint logs and data and records for residents for whom Plaintiff had received an authorization for release. *See* Proposed Order for Preliminary Injunction (dkt. #2-1), Libby Decl. ¶ 15; Def.'s Opp. at 14:3-15:4; Joint Report from Plaintiff and Defendant Re: Status of Resolved Issues (dkt. #46); Gassis Decl. ¶¶ 24-31.

Additionally, Plaintiff does not adequately show that if the suit resulted in a significant benefit, such a benefit was conferred on a large class of persons. As Defendant asserts, the benefit would be conferred only on residents of the Sierra Vista facility. This is insufficient to show that a large class of persons would benefit. *See City of Hawaiian Gardens v. City of Long Beach*, 61 Cal. App. 4th 1100 (1998); *see also* Wegner, Fairbank and Epstein, California Practice Guide: Civil Trial and Evidence §§ 17:150.15 - 24 (The Rutter Group 2009).

### B. As Required Under the "Catalyst Theory", Suit Was Not a Catalyst Motivating Defendant to Provide Primary Relief Sought

The evidence provided does not adequately support a finding that this suit was a catalyst motivating the Defendant to provide the primary relief. As Defendant asserts, both before and after Plaintiff filed its Complaint, Defendant provided Plaintiff with access to the facility and its residents. *See* Gassis Decl. at ¶¶ 65, 87. Defendant also informed Plaintiff that it was willing to meet with Plaintiff to determine a protocol that provided for Plaintiff's "reasonable" access to the facility. *See* Stortz Decl., Ex. 15; Ex. 17.

Additionally, of the ten categories of documents requested in Plaintiff's Motion for a Preliminary Injunction, Defendant provided to Plaintiff, only restraint logs and data and records for residents for whom Plaintiff had received an authorization for release. *See* Proposed Order for Preliminary Injunction (dkt. #2-1); Libby Decl. ¶ 15; Def.'s Opp. at 14:3-15:4; *see also* Joint Report from Plaintiff and Defendant Re: Status of Resolved Issues (dkt. #46); Gassis Decl. ¶¶ 24-31. Access to these categories of documents does not adequately support a finding that Defendant provided the primary relief sought.

### C. Whether Plaintiff Reasonably Attempted to Settle Before Filing

Plaintiff does not adequately support a finding that it made reasonable attempts to settle the litigation before filing suit. Prior to litigation, Defendant complied with several of Plaintiff's document requests. *See* Stortz Decl., Ex. 4, Ex. 5, Ex. 6, Ex. 7, Ex. 8. Upon request, Defendant met with Plaintiff to discuss "Pro-Act techniques and facility policies concerning physical contact between staff and residents." *See* Stortz Decl., Ex. 2, Ex. 3, Ex. 6; Gassis Decl. ¶ 24. When Plaintiff made additional document requests, including the production of redacted records for every resident of Defendant's facility from January 1, 2008 through February 28, 2009, Defendant declined to comply and explained that the request exceeded Plaintiff's statutory access rights. *See* Stortz Decl., Ex. 10, Ex. 11. According to the evidence provided, Plaintiff never provided a substantive response to this letter. *See* Stortz Decl., Ex. 12.

Regarding Plaintiff's attempt to settle the facility access dispute, Defendant responded to Plaintiff's request for access by acknowledging Plaintiff's right to "reasonable" access and stating that they were "willing to meet and confer with you to develop a protocol for such access." Stortz Decl., Ex. 13, Ex. 15; Libby Decl. at ¶¶ 8-10. Plaintiff, however, declined to meet with Defendant until it received a "commitment that [its] access authority would be respected to the extent set out in state and federal law." Stortz Decl., Ex. 16. On May 20, 2009, Defendant informed Plaintiff that it would provide access to the facility pursuant

to proposed conditions and repeated that it was willing to meet and confer regarding Plaintiff's request for access. *See* Stortz Decl., Ex. 17; Libby Decl. at ¶¶ 11-12. Later that day, Plaintiff informed Defendant that it intended to initiate litigation and seek a preliminary injunction. On May 22, 2009, Plaintiff filed its Complaint and Preliminary Injunction Motion.

**V. EVIDENTIARY OBJECTIONS**

    The Court considered the Plaintiff's Objections to Defendant's Evidence (dkt. #88, filed on June 29, 2010). With respect to the objections to the Declaration of Brand Cooper (dkt. #80), those are not pertinent, given the Court's finding that Plaintiff is not entitled to attorneys' fees. The Cooper Declaration relates to the amount of attorneys' fees and the Court finds this is not an issue that needs to be addressed. Plaintiff also objects (dkt. #88, page 10:10-18) to the Declaration of Michael Gassis (dkt. #81) by referring to earlier filed objections (dkt. #32). The Plaintiff's objections, particularly relevancy objections, are overruled.

    The Plaintiff's objections (dkt. #88) address the Declaration of John Libby (dkt. #79). As noted, the Court's ruling to deny the Plaintiff's Motion would remain the same regardless of the ruling on objections to the Libby Declaration. To be complete the Court is ruling on the objections. First, the Plaintiff's objections, as presented, are difficult and unmanageable to rule on especially to the extent they object to entire paragraphs containing disparate parts. For example, portions of but not the entirety of paragraphs are subject to objections. Despite the defects in Plaintiff's papers, the Court rules as follows on objections to the Libby Declaration:

(1) Paragraph 2: Objection overruled as to first sentence. As to the second sentence, objection sustained on ground of insufficient foundation, except that the Court overrules the objection to the statement that Sierra Vista made effort to comply. Fed. R. Evid. 602.

(2) Paragraph 3: Objections overruled, except the Court sustains the objections and disregards Declarant's value judgments as to which there is a lack of foundation. This includes the assertions that Sierra Vista made "full and complete responses." (Libby Decl., para. 3, page 2:26-27).

(3) Paragraph 4: Objections sustained as to "new request was enormous in burden and scope."

(4) Paragraph 7: Objections overruled.

(5) Paragraph 14: Objection sustained as to "including the massively burdensome and overbroad requests."

(6) Paragraph 20: Objections overruled.

(7) Paragraph 21: Objections sustained as to text because of inadequate foundation of personal knowledge. Fed. R. Evid. 602. However, as to the referenced Exhibit D, the objection is overruled. Although for purposes of ruling on this Motion, the Court finds that it is unnecessary to consider Exhibit D (and other portions of the Libby Declaration to which Plaintiff objects), the Court overrules the Confidential Settlement Communication. Fed. R. Evid. 602. The Court finds that this objection is not shown to be applicable.

(8) Paragraphs 22 and 23: Objections overruled.

(9) Paragraph 25: Objection sustained, lack of foundation.

The Court would note that the portions of the Libby Declaration which are admissible provide additional support for the Defendant's Opposition, including, for example, the following paragraphs: 5-6, 8-13, 15-19. Further, the Court finds that the evidence submitted by the Moving Party Plaintiff tends to support, rather than undercut, the Court's findings. *See, e.g.,* Supplemental Declaration of Michael Stortz (dkt. #87, filed June 29, 2010) and Supplemental Declaration of Rachel Scherer (dkt. #85, filed June 29, 2010). The Court considered all Plaintiff's evidence.

Although the Defendant's may have had some grounds for the *Ex Parte* Application (dkt. #94), the Court, as indicated, essentially found that the *Ex Parte* was not timely and therefore denied it, noting that Plaintiff's Reply papers were filed on June 29, 2010 and the Defendant's *Ex Parte* filed August 24, 2010. The Court also considered whether further briefing by the parties would be helpful on any issues and concluded that the issues were adequately briefed and that the Motion would be appropriately denied on the briefing before it.

**IT IS SO ORDERED.**